IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**C.G., individually and as parent, guardian,
and next friend of K.P., a minor**

    **Plaintiff,**

v.                                                    Case No.:  3:23-cv-00373

**CABELL COUNTY BOARD OF EDUCATION,**
et al.,
    **Defendants.**

## MEMORANDUM OPINION and ORDER

Pending before the Court is Defendant Cabell County Board of Education's Motion to Seal Supplement to Response in Opposition to Motion to Compel. (ECF No. 139). Defendant seeks leave to file its supplemental response to Plaintiff's motion to compel and attached documents under seal. (*Id.* at 1). Upon reviewing the motion, supplemental response, and attachments, the Court finds that the tendered documents are not material to resolution of Plaintiff's motion to compel. (ECF No. 105). Therefore, the Court **DENIES** Defendant's motion for leave to supplement its response. (ECF No. 139). The supplemental materials provided by Defendant shall not be considered in ruling on the Motion to Compel.

However, the Court **GRANTS** the motion to seal ECF Nos. 139, 139-1, 139-2, and 139-3 and **ORDERS** the Clerk to **SEAL** those documents. The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000).

As stated in *Ashcraft,* before sealing a document, the Court must follow a three-step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302. In this case, the documents shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the documents, but in view of the nature of the information set forth in them—which is personal information protected from public release—alternatives to wholesale sealing are not feasible at this time. Moreover, the documents have been submitted to resolve a discovery dispute and are not being offered to resolve the underlying case. Accordingly, the Court finds that sealing the documents does not unduly prejudice the public's right to access court documents.

    The Clerk is directed to provide a copy of the documents to Plaintiff's counsel prior to sealing them and to provide a copy of this Order to counsel of record.

**ENTERED**: May 16, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge