IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**C.G., individually and as parent, guardian,
and next friend of K.P., a minor**

    **Plaintiff,**

v.                                                                                      Case No.: 3:23-cv-00373

**CABELL COUNTY BOARD OF EDUCATION,
KIM CONWAY,
DIANA FRANCE,
KAYLA BYRD MCDOWELL, and
BROOKE HECK,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel. (ECF No. 151). For the reasons that follow, the Court **GRANTS**, in part, and **DENIES**, in part, the motion.

**I.      Relevant Facts and Procedural History**

The Court has repeated the facts and procedural history of this case in numerous discovery orders at this point. By way of background, Plaintiff C.G. alleges that her autistic son, K.P., was mistreated when he was a nine-year-old student at Explorer Academy during the spring semester of 2021. (ECF No. 151 at 1-2). On May 11, 2021, K.P. was suspended for allegedly injuring his teacher, and, upon reviewing his written school record, Plaintiff allegedly became increasingly concerned about the improper and unnecessary use of restraints against K.P. (*Id.* at 2). On May 14, 2021, Plaintiff emailed Tim Hardesty ("Hardesty"), Assistant Superintendent of District Support and Employee

1

Relations for Defendant Cabell County Board of Education ("CCBOE"). (ECF Nos. 147-6 at 4, 151 at 2). Plaintiff expressed her concerns, and she asked for the CCBOE to preserve "all video." (ECF No. 147-6 at 4). Hardesty responded the same day that the Principal of Explorer Academy, Ryan McKenzie, was working with the technology department to "secure" the video. (*Id.* at 3). Hardesty explained that West Virginia law required preservation of video of the classroom for 90 days; thus, he stated that the school should have footage since sometime in February 2021. (*Id.*). On July 15, 2021, Hardesty confirmed to Plaintiff his understanding that the video had, in fact, been preserved. (ECF No. 147-6 at 15).

Despite her numerous requests, Plaintiff was only ever allowed to view classroom video from May 11, 2021. (ECF Nos. 151 at 4, 175 at 2). She filed this lawsuit in May 2023. (ECF No. 1). On April 3, 2024, Plaintiff served her third set of discovery requests. (ECF No. 151 at 4). As relevant to this motion, Plaintiff propounded Request for Production No. 4, seeking all video that was preserved in accordance with Tim Hardesty's representation on May 14, 2021. (*Id.*). The CCBOE objected that the request was "neither relevant nor proportional to the needs of the case." (*Id.*). After meeting and conferring regarding the dispute, Plaintiff filed the instant motion to compel on May 20, 2024. (*Id.* at 5). The CCBOE has responded to the motion to which Plaintiff filed a reply. (ECF Nos. 175, 195).

## II. Relevant Law

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery in this action.

It states, in relevant part:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

2

> of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Becton, Dickinson & Co. v. BioMedomics, Inc.*, No. 5:20-CV-536-FL, 2021 WL 3864476, at *3 (E.D.N.C. Aug. 30, 2021) (citations omitted). "Relevance is not, on its own, a high bar." *Ceresini v. Gonzales*, No. 3:21-CV-40 (GROH), 2022 WL 628520, at *3 (N.D.W. Va. Mar. 3, 2022) (citation omitted). As stated in the rule, information "need not be admissible in evidence to be discoverable." *Id.* (quoting Fed. R. Civ. P. 26(b)(1)). "Federal courts have long understood that relevancy for discovery purposes is defined more broadly than relevancy for evidentiary purposes." *Id.*

Even if seeking relevant information, the discovery request must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Although Rule 26(b)(1)'s relevance inquiry does not, itself, pose a 'high bar,' its proportionality requirement mandates consideration of multiple factors in determining whether to allow discovery of even relevant information." *Ceresini*, 2022 WL 628520, at *3. The factors include: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

A party dissatisfied with a discovery response or lack of response can move for an

3

order compelling disclosure or discovery after attempting to confer with the party that submitted the response or failed to respond. Fed. R. Civ. P. 37(a). The party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *Jonathan R. v. Just.*, No. 3:19-CV-00710, 2023 WL 8629147, at *2 (S.D.W. Va. Dec. 13, 2023); *McEvoy v. Diversified Energy Co. Plc*, No. 5:22CV171, 2023 WL 6192769, at *1 (N.D.W. Va. May 15, 2023); *Fine v. Bowl Am., Inc.*, No. CV SAG-21-1967, 2023 WL 8479250, at *2 (D. Md. Dec. 7, 2023); *Perez v. Huneycutt*, No. 5:22-CV-00120-MR, 2023 WL 8813553, at *2 (W.D.N.C. Dec. 20, 2023); *Doe v. Mast*, No. 3:22CV00049, 2023 WL 8481049, at *2 (W.D. Va. Dec. 7, 2023); *United States v. White*, No. 2:23-CV-00001-BO, 2023 WL 8451744, at *7 (E.D.N.C. Dec. 6, 2023). As such, conclusory and unsubstantiated allegations are insufficient to support discovery objections based on the grounds of annoyance, burdensomeness, oppression, or expense. *Id.*

### III. Discussion

Plaintiff's motion to compel concerns its April 3, 2024 discovery request, seeking all video that was preserved in accordance with Tim Hardesty's representation on May 14, 2021. (ECF No. 151 at 4). The CCBOE refuses to produce the video for various reasons, which are discussed below, in turn.

#### A. West Virginia Law Does Not Preclude Production

The CCBOE's first objection to producing the video is that the version of West Virginia Code § 18-20-11 that was in effect from March 6, 2020 to March 11, 2022 prohibited the CCBOE from allowing Plaintiff to view any footage other than May 11, 2021. (ECF No. 175 at 2). As an initial matter, the Court notes that the CCBOE did not assert this objection in response to the discovery request. Therefore, the CCBOE waived this objection. L. R. Civ. P. 37.1.

Furthermore, the CCBOE's assertion that W. Va. Code § 18-20-11 prohibits it from producing the video in question is unavailing. While this reasoning perhaps explains why the CCBOE rejected Plaintiff's pre-suit attempts to view classroom footage, the CCBOE provides no explanation how the outdated version of the statute applies to the current federal lawsuit filed in May 2023 and a discovery request in this action served in April 2024. The fact that the video was recorded in 2021 does not mean that the version of W. Va. Code § 18-20-11 that was in effect at that time governs discoverability.

As Plaintiff correctly pointed out, W. Va. Code § 18-20-11 was amended in 2022 to expressly allow disclosure of the classroom video in this instance. (ECF No. 195 at 1). The current effective version states:

> Within seven days of receiving a request, a public school or local educational agency (LEA) shall allow review of a recording by and comply with all subsequent requests for review or release of the recording by: [...] (2) A judge, counsel, or other legal entity that is charged with deciding or representing either the school board, students, or employees in any matters related to legal issues arising from an incident: *Provided*, That the recording may only be released pursuant to an appropriate protective order or under seal.

W. Va. Code § 18-20-11(l). An "incident" is statutorily defined as "a raised suspicion by a teacher, aide, parent, or guardian of a student, of bullying, abuse, or neglect of a student or of harm to an employee of a public school by: (A) An employee of a public school or local educational agency (LEA); or (B) Another student." *Id*. Plaintiff seeks in discovery video of her son's classroom based on her raised suspicion that he was abused by school employees. The statute clearly allows production of the video to Plaintiff subject to the agreed protective order and any necessary precautions to conceal the identity of other students in the video and protect the privacy of other students' information. *See* W. Va.

Code § 18-20-11(q).

### B. The Motion to Compel is Timely

The CCBOE argues at length that Plaintiff's motion to compel is untimely because she is resurrecting her first set of discovery requests that she abandoned and her second set of discovery for which the Court denied a motion to compel. (ECF No. 175 at 2-3, 6-7). Contrary to the CCBOE's position, the present motion concerns a discovery dispute from Plaintiff's third set of discovery which has not been adjudicated, and the motion was filed within the discovery period and the time frame imposed by the local rules.

The request is ostensibly duplicative of Plaintiff's first set of discovery requests, but nothing prevented Plaintiff from serving an additional discovery request for this critical information after the parties reached an impasse. To the extent that the CCBOE attempts to connect this dispute to Plaintiff's second set of discovery requests and prior motion to compel, which the Court denied, the CCBOE misses the point of the prior Order. (ECF No. 152). Plaintiff's earlier motion to compel regarding classroom video was denied because the video was not responsive to the narrow request at issue. (*Id.*). That request concerned any video showing *the need for or use of restraint* toward K.P. (*Id.* at 7-8). Plaintiff did not demonstrate that the requested video depicted either of those factors. By contrast, the request at issue in the present motion to compel seeks *the 90 days of video that Hardesty referenced in his email* to Plaintiff. It is broader and critically distinct from the request in Plaintiff's second set of discovery.

As to the timing of the request for production, the deadline to serve discovery requests was April 18, 2024. (ECF No. 71 at 1). Plaintiff filed the request at issue on April 3, 2024, which was well before that deadline. Under the local rules of this district, a party must file a motion to compel within 30 days of the contested discovery response being

6

due. L.R. Civ. P. 37.1(c). As noted, Plaintiff served the disputed discovery request on April 3, 2024. Thus, the CCBOE's response was due by May 3, 2024, and 30 days after that was Sunday, June 2, 2024. Per Rule 6 of the Federal Rules of Civil Procedure, the deadline to file a motion to compel was moved to the next day that was not a weekend or holiday, which resulted in this motion to compel being due on Monday, June 3, 2024. Plaintiff filed the motion to compel on May 20, 2024, which was far earlier than it was due. Thus, it was timely filed.

### C. The CCBOE Has Not Responded to the Request for Production

The CCBOE claims that is has produced all video in its possession that is responsive to Request for Production No. 4. (ECF No. 175 at 3). The CCBOE again conflates the request at issue here – which seeks all video preserved in accordance with Tim Hardesty's representation on May 14, 2021 – with the discovery request at issue in Plaintiff's prior motion to compel that sought any video depicting the need for or use of restraint toward K.P. It is not clear from any of the materials provided to the Court that the CCBOE has fully responded to the instant request for production.

### D. The Video is Relevant but not Proportional to the Needs of the Case

The CCBOE's final reason for not producing the video is that it is neither relevant nor proportional to the needs of the case. (ECF No. 175 at 3-6). The CCBOE argues that Plaintiff has failed to elicit any evidence to support her allegations in this lawsuit. (*Id.* at 5). It essentially contends that Plaintiff's case is weak, and the evidence collected thus far disproves her assertions. (*Id.* at 4-5). Yet, the purpose of discovery is for a party to gather evidence to prove its claims or defenses. That is precisely why Plaintiff seeks production of this video in order to elicit evidence to substantiate her claims. The purported video is directly relevant to the central issues in this case, which are whether K.P. was mistreated

by Defendants at Explorer Academy and whether the CCBOE failed to protect him from harm.

Although relevant to Plaintiff's claims, the full scope of 90 days of footage is simply not proportional to the needs of the case at this late stage of litigation. The pretrial conference in this matter is quickly approaching on July 31, 2024. (ECF No. 208). Trial is scheduled for August 20, 2024. (ECF No. 15 at 3). Production of the amount of classroom video that Plaintiff requests, even discounting the footage that the CCBOE failed to preserve, is a labor and time-intensive feat. The CCBOE will need to review the footage and blur other students' faces, among other tasks, to prepare the video for production. From a practical standpoint, it is unlikely that the CCBOE can review, redact, and produce 90-days of day-long classroom video, and then Plaintiff review and utilize it, without interfering with the trial date and other deadlines. The CCBOE is correct that Plaintiff could have raised this issue with the Court much earlier, when there was sufficient time to review, redact, replay, and use the video. Clearly, Plaintiff attempted to resolve this discovery dispute when it first arose last year. However, she failed to pursue the matter until right before the discovery deadline—a deadline she refuses to extend. Therefore, although Plaintiff was free to make those tactical decisions, she is now faced with time constraints which make the requested production disproportional to the needs of the case in its current posture. For that reason, upon balancing the relevance of the information against the needs of the case, the Court will allow Plaintiff to select **ten (10) days** of footage from the requested 90 days and will order the CCBOE to produce it.

The Court notes the CCBOE's contention that it "will incur substantial costs if it is compelled to produce[] ninety days-worth of video which must be reviewed by its defense counsel." (ECF No. 175 at 6). There is no indication that the CCBOE asserted a

8

burdensomeness objection to the request, and even if the Court were to overlook the issue of waiver, the CCBOE has offered nothing to support this claim. The Court has reiterated *ad nauseum* that a party must have the factual support to assert a burdensomeness objection at the time that it is made. The CCBOE has supplied no such evidence to the Court. In any event, the Court has substantially limited the amount of footage that the CCBOE must produce.

For all of the above reasons, the Court **GRANTS**, in part, and **DENIES**, in part, Plaintiff's Motion to Compel. (ECF No. 151). The Court **ORDERS** Plaintiff to select **ten (10) days** of footage for the CCBOE to produce and to notify the CCBOE of her selected dates **on or before June 28, 2024.** The CCBOE is **ORDERED** to produce the relevant footage within **ten (10) days** of receiving the dates from Plaintiff.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** June 26, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge